No. 23-1902
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
_____

John Anthony Castro,
*Appellant,*

v.

New Hampshire Secretary of State David Scanlan
And
Donald John Trump,
*Appellees.*
_____

**Emergency Motion**
*for*
**Expedited Review and En Banc Determination**
_____

Pursuant to the emergency delivery procedures delineated in 1st Cir. L.R. 25.0(o), on October 28, 2023, Appellant faxed to Circuit Executive, Susan J. Goldberg (617-748-9587), a version of this Emergency Motion.[1]

Appellant now electronically files this Emergency Motion, filed pursuant to the emergency relief procedures delineated in 1st Cir. L.R. 27.0(b), for Expedited Review, pursuant to Fed. R. App. P. 2, of *John Anthony Castro v. NH Secretary of State et al*, No. 1:23-cv-00416 (D.N.H. decided Oct. 27, 2023).

---

[1] Appellant John Anthony Castro familiarized himself with the local rules and drafted this *pro se* emergency motion in a span of a few hours in light of the time demands and sincerely apologizes for any errors.

1

Appellant also motions for *En Banc* Determination pursuant to Fed. R. App. P. 35(a)(2) on the grounds that this appeal involves questions of exceptional national importance regarding the ability of a ballot-placed candidate to assert political competitor standing to challenge the constitutional qualifications and eligibility of Appellee Donald John Trump who unquestionably provided both aid and comfort to a violent insurrection against the authority of the United States that culminated in a vicious attack on the United States Capitol on January 6, 2021, in violation of Section 3 of the 14th Amendment to the United States Constitution.

All pertinent orders, pleadings, and motions are available in CM/ECF. For the reasons set forth below, Appellants request that this Court ORDER the following briefing schedule:

1. Appellants' Brief due Wednesday, November 1, 2023.
2. Appellee's Brief due Wednesday, November 8, 2022.
3. Appellants' Brief due Friday, November 10, 2022.

A longer schedule would be detrimental to Appellant because Appellee New Hampshire Secretary of State David Scanlan has indicated its intent to begin printing election ballots as soon as possible to frustrate the appellate jurisdiction of this Court. The schedule is not prejudicial to Appellee's because these matters have already been thoroughly researched and briefed at the district court level, so all that is required is re-formatting and addressing a few additional matters.

To prevent delay, Appellant will submit his brief on Wednesday, November 1, 2023, on the assumption that this Court will concur on the urgency this appeal presents.

Appellant also respectfully requests that this Court forego oral arguments to aid its ability to issue a decision on this appeal by **Wednesday, November 15, 2023**.

## I. PROCEDURAL BACKGROUND

Appellant filed his Original Verified Complaint for Declaratory and Injunctive Relief on September 5, 2023, which included an Emergency Application for a Temporary Restraining Order ("TRO"). At the time of the filing, neither Appellant John Anthony Castro nor Appellee Donald John Trump were on the ballot in New Hampshire; however, both had publicly stated their intent to do so.

On September 22, 2023, the lower court held a video conference regarding the TRO. After the conference, it was agreed that the TRO would be construed as a Motion for Preliminary Injunction with an Expedited Bench Trial on the Merits pursuant to Fed. R. Civ. P. 65(a)(2).

On October 11, 2023, Appellant John Anthony Castro filed his Declaration of Candidacy in-person at the Concord, New Hampshire, office of the Secretary of State and paid the $1,000 filing fee, which he personally handed to New Hampshire Secretary of State David Scanlan.

On October 20, 2023, the lower court held an evidentiary hearing to decide whether the court had subject matter jurisdiction. At that hearing, Appellant testified that due to substantial global media coverage of his pursuit of the Republican nomination for the Presidency of the United States, his ground campaign in New Hampshire was set to begin in a matter of days. Appellant only admitted that his current prospects were dim but that he was about to launch a novel campaign strategy to turn the tide.[2]

The lower court stated it would need two weeks to make a ruling, which indicated a decision would be rendered on or before Friday, November 3, 2023. On and at the conclusion of the day of the hearing, Appellee Donald John Trump had still not yet filed his New Hampshire Declaration of Candidacy. As such, the lower court had ample time to prevent the entrance of a new unlawful competitor.

On October 23, 2023, Appellee Donald John Trump filed his Declaration of Candidacy in-person at the Concord, New Hampshire, office of the Secretary of State and paid the $1,000 filing fee. The lower court's inaction allowed for new unlawful competition against Appellant John Anthony Castro that, according to

---

[2] Appellee Donald John Trump had previously argued in Florida that Appellant John Anthony Castro was unlikely to actually be on the ballot of any state to pursue the Republican Nomination. Appellee Donald John Trump then argued in New Hampshire that Appellant was unlikely to follow-through with filing his New Hampshire Declaration of Candidacy. At the hearing, Appellee Donald John Trump then argued that although Appellant John Anthony Castro was now on the ballot in New Hampshire, he was unlikely to actually campaign. At some point, the federal judiciary needs to respect that Appellant John Anthony Castro is credible and follows through with his statements.

Appellant's Verified Complaint, was in violation of Section 3 of the 14th Amendment to the United States Constitution.

On October 26, 2023, Appellant John Anthony Castro dispatched campaign staffer to New Hampshire to knock on doors and place hundreds of campaign signs. In addition, thousands of postcards were purchased and scheduled to be delivered.

On October 27, 2023, the lower court, with the knowledge of Appellant's ground campaign activities in New Hampshire, rushed the publication of its ruling in bad faith and found that Appellant was not engaged in any actual competition in New Hampshire despite paying $1,000 to be a ballot-placed candidate. Taking into account Appellant's testimony under oath that he was about to launch an aggressive ground campaign in New Hampshire, the lower court could have reserved ruling on jurisdiction to allow the facts that materialize.

In the ruling, the lower court mischaracterized Appellant's lack of paid advertising prior to the hearing with a baseless assumption that Appellant would never engage in any campaign activity in New Hampshire.[3]

When analyzing whether a court has jurisdiction, a lower court is free, if not encouraged, to look beyond the pleadings. Instead, the lower court chose willful blindness. The lower court was willfully blind to the expert witness' admission that

---

[3] See Footnote 2 regarding Appellant's credibility in following through with statements. Questions of fact are to be construed in favor of a plaintiff. Nevertheless, the lower court resolved all undeveloped questions of fact in favor of Appellee Donald John Trump. This was contrary to law.

5

Appellant would lose votes to Appellee Donald John Trump and instead viewed the primary as a competition for delegates rather than votes and political support that could be leveraged.[4] Moreover, the lower court claimed that because Appellant admitted his primary goal was to challenge Appellee Donald John Trump's constitutional qualifications, standing was being manufactured.[5] According to the lower court, the Reverend Dr. Martin Luther King would not have had standing to claim an injury since he voluntarily went into a "whites only" restaurant to manufacture standing.

More importantly, the lower rested its standing ruling on two cases that involved post-primary third-party candidates that were not actually on the general election ballot; hence, they were not actual current competitors.[6] Of course, the

---

[4] All swing states in the 2020 General Election turned on less than 3%. Arizona turned on 0.4%. Georgia turned on 0.3%. Michigan turned on 2.8%. Pennsylvania turned on 1.2%. Wisconsin turned on 0.6%. Even without delegates, Appellant could have a significant impact on the general election. Nevertheless, it is not the province of the federal judiciary to compel a ballot-placed candidate to explain their strategy to determine their *bona fides*.

[5] Appellant admitted that challenging Appellee Donald John Trump's constitutional qualification was initially his primary goal. Appellant is now attempting to pursue delegates to have influence at the Republican National Convention as well as pursuing a loyal following to influence the general election. Nevertheless, it is not the province of the federal judiciary to judge the *bona fides* of a ballot-placed candidate's political goals. That would be what is truly a nonjusticiable political question. Many candidates launch campaigns with the intent of being a running mate, negotiating a cabinet-level position or ambassadorship. Courts should not compel ballot-placed candidates to reveal the details of the campaign and candidacy's political goals and strategy. Appellant urges this Court to consider the grave danger that the lower court ruling poses. Based on the judge's ruling, former New Jersey Governor Chris Christie is self-harming since his polling indicates he will not secure a single delegate and admitted his candidacy too was intended to challenge Appellee Donald John Trump. The lower court ruling permits the federal judiciary to discredit a ballot-placed candidate that is not patently frivolous. The irony of violating the Political Question Doctrine to argue against standing while also relying on the Political Question Doctrine to argue non-justiciability cannot be overstated.

[6] *See Grinols v. Electoral Coll.*, No. 2:12-CV-02997-MCE, 2013 WL 2294885, at *9 (E.D. Cal. May 23, 2013), aff'd, 622 F. App'x 624 (9th Cir. 2015) ("There is no evidence that Noonan or MacLearan appeared on any state's 2012 general presidential election ballot."). *Also see Liberty Legal Found. v. Nat'l Democratic Party of the USA*, Inc., 875 F. Supp. 2d 791, 800–01 (W.D. Tenn. 2012) ("Neither Plaintiff has alleged that... his name will appear on the ballot").

lower court ignored that substance of the cases is cited and cherry-picked *dicta* out-of-context to invent a new approach to the injury analysis. It was the lower court, not Appellant, engaged in manufacturing grounds to manipulate the federal judiciary to deny Appellant his First Amendment right to petition the federal judiciary to redress his grievances.

The lower rested its application of the political question doctrine on the unanalyzed grounds that the adjudication of a candidate's constitutional qualifications was entrusted to Congress and the Electoral College, which the lower court shockingly admitted to in a footnote stating "It bears noting that courts dealing with this justiciability question have not undertaken a searching analysis od the text and history of, for example, the Electoral Count Act and the Twentieth Amendment, which potentially impacts the proper application of the political question doctrine." The lower court admitted that it could not identify a "textually demonstrable constitutional commitment" to a political branch. However, the lower court bizarrely argued that because Appellant failed to explain the absence of such non-existent text, the Court would presume it exists based on unanalyzed *dicta* from other courts. There is artful legal contortionism and then there is this; a patently frivolous interpretation and application of the *Political Question Doctrine*.

Nine minutes after the Court published its opinion, Appellant filed his Notice of Appeal.

## II. NATURE OF THE EMERGENCY AND IRREPARABLE HARM IF APPELLATE REVIEW IS DELAYED

Appellee New Hampshire Secretary of State David Scanlan has stated his intent to begin printing state ballots as soon as possible with the intent of frustrating appellate review. As such, time is of the essence.

If the ballots are printed, Appellee New Hampshire Secretary of State David Scanlan would have grounds to argue harm.

Although Appellant has already been further harmed by the lower court's inaction that allowed for a new unlawful political competitor, further delay will risk the harm being irreparable if the state prints the ballots.[7] Appellant would have to amend his requested relief in the lower court to seek an injunction against using ballot with Appellee Donald John Trump's name, specific performance to print new ballots, and/or not counting votes for Appellee Donald John Trump.

## III. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court grant this Motion for Expedited Appeal and En Banc Determination, and that the Court order the following briefing schedule:

Appellants' Brief due Wednesday, November 1, 2023.

Appellee's Brief due Wednesday, November 8, 2022.

---

[7] Appellant also informed the lower court of his intent to seek permanent injunctive relief preventing Appellee New Hampshire Secretary of State from counting write-in votes for Appellee Donald John Trump.

8

Appellants' Brief due Friday, November 10, 2022.

Appellant also respectfully requests that this Court forego oral arguments in order to facilitate the issuance of a decision on this appeal by Wednesday, November 15, 2023.

Dated: October 30, 2023.  Respectfully submitted,

By: /s/ *John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX  76063
(202) 594 – 4344
J.Castro@JohnCastro.com
**Plaintiff *Pro Se***

## VERIFICATION

I, John Anthony Castro, pursuant to 28 U.S.C. § 1746, verify under criminal penalty of perjury, that the entirety of the foregoing document is unequivocally true and correct.

Executed on October 30, 2023.

/s/ John Anthony Castro
John Anthony Castro

# CERTIFICATE OF CONFERENCE

I hereby certify that I contacted both Appellees who stated their opposition to this motion.

Dated: October 30, 2023.

*/s/ John Anthony Castro*
John Anthony Castro

# CERTIFICATE OF INTERESTED PERSONS

The undersigned hereby certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Castro, John Anthony, Appellant.
2. New Hampshire Secretary of State David Scanlan, Appellee.
3. Donald John Trump, Appellee.
4. Jonathan Mark Shaw, Counsel for Appellee Donald John Trump.
5. Mark Meuser, Counsel for Appellee Donald John Trump.
6. Morgan Tanafon, Counsel for Appellee Donald John Trump.
7. Richard J. Lehmann, Counsel for Appellee Donald John Trump.
8. David Warrington, Counsel for Appellee Donald John Trump.
9. Bryan K. Gould, Counsel for Appellee Donald John Trump.
10. Brendan Avery O'Donnell, Counsel for Appellee New Hampshire Secretary of State.
11. Joseph Leplante, United States District Judge.

Dated: October 30, 2023.

                                          /s/ John Anthony Castro
                                          John Anthony Castro

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(1) because this motion contains 1,463 words excluding the exhibits but counting all other.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in proportionally-spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: October 30, 2023.

/s/ John Anthony Castro
John Anthony Castro

# CERTIFICATE OF SERVICE

On October 28, 2023, I submitted the foregoing document to Dennis O'Leary, Case Administrator Supervisor, via email to Dennis_OLeary@ca1.uscourts.gov.

I hereby certify that I have served the following parties to the action electronically or through certified mail:

1. New Hampshire Secretary of State David Scanlan, Appellee.
2. Donald John Trump, Appellee.
3. Jonathan Mark Shaw, Counsel for Appellee Donald John Trump.
4. Mark Meuser, Counsel for Appellee Donald John Trump.
5. Morgan Tanafon, Counsel for Appellee Donald John Trump.
6. Richard J. Lehmann, Counsel for Appellee Donald John Trump.
7. David Warrington, Counsel for Appellee Donald John Trump.
8. Bryan K. Gould, Counsel for Appellee Donald John Trump.
9. Brendan Avery O'Donnell, Counsel for Appellee New Hampshire Secretary of State.

Dated: October 30, 2023.

/s/ John Anthony Castro
John Anthony Castro