UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

_____

No. 23-1902
_____

JOHN ANTHONY CASTRO,

Plaintiff-Appellant

v.

DAVID M. SCANLAN, in his official capacity as
New Hampshire Secretary of State; &
DONALD J. TRUMP,

Defendants-Appellees

**SECRETARY OF STATE'S RESPONSE TO
MR. CASTRO'S MOTION FOR EXPEDITED RULING**

Defendant-appellee, David M. Scanlan, in his official capacity as New Hampshire Secretary of State, submits the following response to plaintiff-appellant John Anthony Castro's "Motion for Expedited Ruling and En Banc Determination." As described below, the Secretary of State takes no position on Mr. Castro's request for expedited ruling, and the Secretary of State requests that this Court deny Mr. Castro's request for a ruling en banc.

I.   Brief Background:

Mr. Castro's underlying complaint for injunctive relief sought an order compelling the Secretary of State not to accept a declaration of candidacy from Mr.

Trump or place his name on the New Hampshire republican presidential primary ballot based on Mr. Trump's alleged disqualification from holding the office of the president under Section Three of the Fourteenth Amendment to the United States Constitution.

The Secretary of State objected, arguing that Mr. Castro lacked standing because his alleged injury (having to compete with Mr. Trump for a party nomination as candidate for president) was neither traceable to the Secretary of State nor redressable by Mr. Castro's requested relief. Mr. Trump separately objected, arguing that Mr. Castro lacked standing because his alleged "competitive" injury was not a cognizable injury and that Mr. Castro's claim presented a nonjusticiable political question.

On October 20, 2023, the district court held an evidentiary hearing on these jurisdictional issues. Mr. Castro, who bore the burden of proof, introduced <u>no evidence</u> that any person would vote for him or donate to his campaign if the Secretary of State were ordered not to place Mr. Trump's name on the New Hampshire republican primary ballot. *See also* RSA 659:94 (providing that presidential primary candidates may be awarded delegates based on write-in votes).

On October 27, 2023, the district court issued an order denying Mr. Castro's request for a preliminary injunction and dismissing his complaint. The district

court ruled that Mr. Castro failed to meet his burden on any of the three elements of Article III standing, and the district court alternatively ruled that Mr. Castro's claim presented a nonjusticiable political question.

On the October 27, 2023, Mr. Castro filed the present appeal.

On October 30, 2023, Mr. Castro filed a "Motion for Expedited Ruling and En Banc Determination."

The Court requested that all parties respond to Mr. Castro's motion by 5:00 p.m. on October 31, 2023.

II.    <u>Response to Mr. Castro's request for expedited ruling</u>:

The Secretary of State does not take a position on Mr. Castro's request for an expedited ruling.

However, the Secretary of State notes that Mr. Castro represented in his motion that the Secretary of State "stated his intent to begin printing state ballots as soon as possible <u>with the intent of frustrating appellate review</u>." *See* Plaintiff's Emergency Motion, at 6 (Emphasis added). Mr. Castro's representation is patently false—the Secretary of State never stated that he would take any action "with the intent of frustrating appellate review." At a preliminary scheduling conference on September 22, 2023, counsel for the Secretary of State indicated that any changes to the candidates to be listed on the primary ballot after October 27—the close of the candidate filing period—could impact the ability of the Secretary of State to

3

complete candidate name rotations, prepare ballots, proof ballots, and finalize ballots by the deadline in RSA 657:19 related to the Uniformed and Overseas Citizens Absentee Voting Act (UOCAVA). *See* RSA 657:19, V (requiring presidential primary ballots to be mailed to UOCAVA voters, upon request, at least 45 days prior to the presidential primary).

    III.    <u>Response to Mr. Castro's request for a ruling en banc</u>:

It is not clear whether the Court wanted the parties to also respond by October 31 to Mr. Castro's request for a ruling en banc. To the extent that the Court wanted the parties to respond to Mr. Castro's request for a ruling en banc, it is the Secretary of State position that this Court should deny Mr. Castro's request because he has not demonstrated that he can meet the stringent requirements for a ruling en banc. *See* Fed. R. App. P. 35.

    Respectfully submitted

    DAVID M. SCANLAN, in his official
    capacity as New Hampshire Secretary
    By his attorneys

    JOHN M FORMELLA
    ATTORNEY GENERAL

    ANTHONY J. GALDIERI
    SOLICITOR GENERAL

Date: October 31, 2023    /s/ Samuel Garland
    Samuel R.V. Garland, No. 1189913

Senior Assistant Attorney General  
Civil Bureau  
1 Granite Place, Concord, NH 03301  
603-271-3650  
Samuel.rv.garland@doj.nh.gov

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants.

/s/ Samuel Garland  
Samuel R.V. Garland

CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6).

/s/ Samuel Garland  
Samuel R.V. Garland