# No. 23-1902

## In the United States Court of Appeals for the First Circuit

**JOHN ANTHONY CASTRO,**

*Plaintiff - Appellant,*

*v.*

**DAVID SCANLAN, NEW HAMPSHIRE SECRETARY OF STATE; DONALD J. TRUMP; NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE,**

*Defendants - Appellees.*

APPEAL FORM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE, CONCORD
ORIGINATING CIVIL CASE NO.: 1:23-CV-00416
Honorable Joseph Normand LaPlante, U.S. District Judge

———————————————————————

**APPELLANT'S REPLY BRIEF**
———————————————————————

Respectfully submitted:
John Anthony Castro
Appellant
12 Park Place
Mansfield, TX  76063
Tel. (202) 594 - 4344

*Pro Se*

**JOHN ANTHONY CASTRO, APPELLANT,**  
*v.*  
**NEW HAMPSHIRE SECRETARY OF STATE DAVID SCANLAN**  
*and* **DONALD JOHN TRUMP, APPELLEES.**

**NO. 23-1902**

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The undersigned counsel of record hereby certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Castro, John Anthony, Appellant.
2. New Hampshire Secretary of State David Scanlan, Appellee.
3. Donald John Trump, Appellee.
4. Jonathan Mark Shaw, Counsel for Appellee Donald John Trump.
5. Mark Meuser, Counsel for Appellee Donald John Trump.
6. Morgan Tanafon, Counsel for Appellee Donald John Trump.
7. Richard J. Lehmann, Counsel for Appellee Donald John Trump.
8. David Warrington, Counsel for Appellee Donald John Trump.
9. Bryan K. Gould, Counsel for Appellee Donald John Trump.
10. Brendan Avery O'Donnell, Counsel for Appellee NH Secretary of State.
11. Joseph LaPlante, United States District Judge.

                                           */s/ John Anthony Castro*  
                                           John Anthony Castro

# REPLY

With regard to Donald John Trump's attempt to fabricate a heightened injury analysis, the U.S. Supreme Court has spoken on this precise issue in *U.S. v. SCRAP*.[1]  In that case, the U.S. Supreme Court thoroughly explained and refuted the attempt to fabricate a heightened injury requirement for Article III standing:

> "[Defendant] urges us to limit standing to those who have been 'significantly' affected by [state] action.  But, even if we could begin to define what such a test would mean, we think it ***fundamentally misconceived***.  'Injury in fact' reflects the statutory requirement that a person be 'adversely affected' or 'aggrieved,' and it serves to distinguish a person with a direct stake in the outcome of a litigation — ***even though small*** — from a person with a mere interest in the problem. We have allowed important interests to be vindicated by plaintiffs with no more at stake in the outcome of an action than a ***fraction of a vote***, *see Baker v. Carr*… ***a $5 fine*** and costs, *see McGowan v. Maryland*…  and ***a $1.50 poll tax***, *Harper v. Virginia Bd. of Elections*… As Professor Davis has put it: 'The basic idea that comes out in numerous cases is that an ***identifiable trifle*** is enough for standing to fight out a question of principle; the trifle is the basis for standing and the principle supplies the motivation.'"[2]

Donald John Trump's argument for a heightened injury standard was expressly and unambiguously rejected by the U.S. Supreme Court a half-century ago.[3]  Appellant John Anthony Castro has filed to be on the ballot, publicly

---

[1] *See U.S. v. SCRAP*, 412 U.S. 669 (1973).
[2] *Id*. at 690.
[3] The irony is that engaging in this kind of inquiry regarding the level of support of a candidate to discredit him from the bench violates the Political Question Doctrine since there is a lack of judicially manageable standards.  That is why the U.S. Supreme Court passed on the issue in *U.S. v. SCRAP* and emphasized that a fraction of a vote or $1 poll tax was enough to create an injury-in-fact.  Plaintiff

1

antagonized Donald John Trump, and is pursuing this case on principle. As such, there is standing.

With regard to the Secretary of State's continued frivolous assertion of lack of traceability, there is no question that there is potential state action in furtherance of a constitutional violation. State taxpayer dollars will be used to print presidential primary ballots bearing the name of a constitutionally ineligible candidate. Federal courts can enjoin state action in furtherance of a constitutional violation. Period.

With regard to Donald John Trump's continued assertion of the *Political Question Doctrine*, case law clearly establishes it is an affirmative defense for which he bears the burden of proof. Donald John Trump then tries to argue that Appellant John Anthony Castro's response of "uh-huh" to a statement (not a question) made by the lower court judge constitutes waiver, which is laughable at best.[4] The lower court made a mistake of law. This Court is reviewing de novo. As such, the Court must look to the record to determine whether Donald John Trump met his burden of proving a textually demonstrable constitutional commitment of this issue to Congress, and the answer to that is indisputably "no."

---

asserts the Political Question Doctrine applies to that analysis making any ruling on that basis invalid as a matter of law to preserve that issue for appellate review.
[4] Appellant was *pro se* at the lower court level and remains *pro se* here on appeal.

2

Although the U.S. Court of Appeals for the 10th Circuit has held that state executive branch election officials can make a determination of a Presidential candidate's eligibility,[5] that would still not be tantamount to a "textually demonstrable constitutional commitment" since that it based on interpretative case law rather than clear and unmistakable text in the U.S. Constitution. Nevertheless, Appellant John Anthony Castro would welcome a decision that state chief election officials can make such a determination for purposes of applying the *Political Question Doctrine*. Unfortunately, Fed. R. Civ. P. 7(b)(1)(B) forecloses alternative arguments not fully briefed, so Donald John Trump should consider himself fortunate.

On that note, Donald John Trump's brief attempts to make new legal arguments not initially made in his lower court motion to dismiss. Despite the fact that the new legal arguments regarding the U.S. Constitution apply only to the General Election for electors and not a Primary Election for delegates, those arguments are foreclosed by Fed. R. Civ. P. 7(b)(1)(B) because they were not briefed at the lower level.

---

[5] *See Hassan v. Colorado*, 495 F. App'x 947, 948 (10th Cir. 2012).

With regard to Donald John Trump's argument that the case is not ripe, the federal judiciary need not wait like a deer in the headlights until an injury actually occurs; it can enjoin a real and immediate threat of harm before it occurs.[6]

## CONCLUSION

Appellant John Anthony Castro asks this Court to settle all aspects of subject matter jurisdiction, including injury, traceability, redressability, and the political question doctrine to clear Fed. R. Civ. P. 12(b)(1) entirely.

Appellant John Anthony Castro further asks this Honorable Court to be prepared for the next emergency appeal under Fed. R. Civ. P. 12(b)(6) as Donald John Trump and Secretary of State attempt to run the clock on this quickly approaching primary election.

The judgment below should be vacated, and the case remanded for trial.

Respectfully submitted,

Dated: November 14, 2023.        By: */s/ John Anthony Castro*

John Anthony Castro
12 Park Place
Mansfield, TX  76063
Tel. (202) 594 – 4344
J.Castro@JohnCastro.com

*Appellant Pro Se*

---

[6] *See Golden v. Zwickler*, 394 U.S. 103 (1969).

## CERTIFICATE OF COMPLIANCE

1. I certify that this filing complies with the type-volume limitations of the Fed. R. App. P. 32(a)(7)(B) because, excluding the parts exempted by the Fed. R. App. P. 32(f), the Brief contains 1,197 words.

2. I also certify that this filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

*/s/ John Anthony Castro*
John Anthony Castro

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2023, a true and accurate copy of the foregoing Appellant's Opening Brief with accompanying attachments (if any) was electronically filed. It is further certified that all other parties are CM/ECF users and that service of this motion was made on Appellees via CM/ECF.

*/s/ John Anthony Castro*
John Anthony Castro